# Cowanshannock Twp. Overseers, Appellant, *v.* Valley Twp. Overseers.

*Poor law—Notice of pauper's place of settlement, time in which to give—Act of June* 13, 1836.

The act of June 13, 1836, P. L. 546, § 23, limits no time within which the overseers of any district into which a poor person may come and fail sick or die, shall " give notice to the guardians or overseers of the city or district where such person had last gained a settlement, of the name, circumstances and condition of such poor person." The act merely requires that the notice shall be given " as soon as conveniently may be," and this requirement is satisfied by a notice given with reasonable promptness after the place of settlement has been ascertained by the exercise of proper diligence.

*Settlement—Residence—Paying taxes—Act of June* 13, 1836.

Under the act of June 13, 1836, § 9, P. L. 542, a person cannot acquire a settlement by merely paying " his proportion of any public taxes or levies for two years successively." He must also have " come to inhabit " in the district.

Argued Oct. 12, 1892. Appeal, No. 224, Oct. T., 1892, by plaintiff, from decree of Q. S. Armstrong Co., Sept. T., 1891, No. 36, discharging rule to show cause why expenses incurred in maintaining pauper should not be paid. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MCCOLLUM, MITCHELL and HEYDRICK, JJ.

Rule on overseers of the poor of Valley township to show cause why they should not pay to overseers of the poor of Cowanshannock township all sums of money necessarily expended for the support of Mary Beer, a pauper.

It appeared, from the testimony, that, sometime prior to May 6, 1886, Mary Beer, the pauper, became a charge upon the poor district of Cowanshannock, and at that time an order of removal was obtained removing her to Kittanning township. This order was appealed from by the overseers of Kittanning township and appeal sustained. While the proceedings on said appeal were pending the pauper died in June, 1889. About the latter part of June, 1891, the overseers of Cowanshannock township gave notice to the overseers of Valley township of the claim now sought to be collected. It was not disputed that from the time when Mary Beer became a charge upon Cowan-

shannock township until shortly before her death she was in such physical condition that she was capable of being taken from one district to the other, and she actually was removed from Cowanshannock to Kittanning township, and while in the last named township was moved from one place to another some two or three times, when it became necessary to change her places of keeping.

The facts relating to the settlement of Daniel Beer, the father of the pauper, appear by the opinion of the Supreme Court.

The court, RAYBURN, P. J., in an opinion, held that the appellant was barred by the lapse of time in giving notice, and made an order discharging the rule at the costs of the Cowanshannock poor district, who thereupon appealed.

*Error assigned,* inter alia, was the order, quoting it.

*W. D. Patton,* for appellant.—Directors v. Worthington, 38 Pa. 160; Versailles Overseers v. Mifflin, 10 Watts, 360; Sugarloaf v. Schuylkill, 44 Pa. 481; Directors v. Manley, 64 Pa. 148; Nippenose v. Jersey Shore, 48 Pa. 402.

*B. Nulton,* for appellee.—The cases cited by appellant are chiefly emergency cases and do not apply.

OPINION BY MR. JUSTICE HEYDRICK, January 3, 1893:

It may be conceded that the learned court below erred in holding that the appellants were barred by the lapse of time spent in fruitless efforts to find the pauper's place of settlement before the present proceeding was instituted. The 23d section of the act of June 13, 1836, P. L. 546, limits no time within which the overseers of any district, into which a poor person may come and fall sick or die before he or she shall have gained a settlement therein, shall " give notice to the guardians or overseer, of the city or district where such person had last gained a settlement of the name, circumstances and condition of such poor person." It requires that the notice shall be given " as soon as conveniently may be," and this requirement would be satisfied by a notice given with reasonable promptness after the place of settlement had been, by the exercise of proper diligence, ascertained. The reason of the requirement is to be found in the justice of affording the overseers of the district chargeable the opportunity of providing support for their own poor according to their own judgment and the means of the

district, rather than saddling them with the expense which the overseers of another district might see fit to incur for them, or involving them in a controversy over the accounts. When, however, the pauper has died pending an inquiry in respect to his place of settlement the reason ceases, and it might be difficult to show that an action should be barred by less than six years delay.

But it does not follow that the learned court erred in discharging the rule to show cause. The appellants were bound to show that Valley township was the district in which Mary Beer had last gained a settlement. This they undertook to do by showing that her father had been charged with and paid his proportion of public taxes or levies for the years 1854 and 1855 in Pine township, out of which Valley township was subsequently formed, and by other evidence tending to show that the daughter had never acquired an independent settlement. But this was not enough. The 9th section of the act of June 13, 1836, P. L. 542, provides, so far as relevant to the present case, that, " A settlement may be gained in any district : I. By any person who shall come to inhabit in the same, and who shall for himself and on his own account execute any public office, being legally placed therein, for one whole year. II. By any such person who shall be charged with and pay his proportion of any public taxes or levies for two years successively." The person mentioned in the second clause is " such person " as is mentioned in the first clause, namely, " any person who shall come to inhabit in " the district in which a settlement is to be gained. Residence is, therefore, essential to the acquisition of a settlement. Upon this point the appellants failed to make a satisfactory showing. It was made quite clear that during many years prior to his death, including the years 1854 and 1855, Daniel Beer, the father of the pauper, lived in a small log cabin very near the line between Kittanning and Valley townships, but appellants' witnesses were not agreed as to the location of the cabin in respect to the township line. One said it was in Kittanning township, two others said it was " handy to the line " without undertaking to say upon which side, and the fourth and only other witness examined by the appellants upon this subject said very positively that it was in Valley township, but upon cross-examination it became appar-

ent that he had no personal knowledge of the location of the township line. On the other hand five witnesses on the part of the appellees testified that the cabin in which Daniel Beer dwelt in 1854 and 1855 was in Kittanning township. Whether he ever gained a settlement in that township or not is immaterial. His residence there during the years in which he paid taxes in Valley township is fatal to the contention that by such payment he gained a settlement in the latter township which he could and did communicate to his daughter; and as no other evidence of settlement than that referred to was given by the appellants it follows that they failed to fix upon the appellees responsibility for the maintenance of the pauper.

The order of the court below discharging the rule to show cause is therefore affirmed.